DIVISION OF TAX APPEALS.

DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, RESPONDENT.

THE CITY OF JERSEY CITY, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, AND DELAWARE, LACKAWANNA AND WESTERN RAILROAD SYSTEM, DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, MORRIS AND ESSEX RAILROAD COMPANY, RESPONDENTS.

Decided April 22, 1947.

For the petitioners Delaware, Lackawanna and Western Railroad System, Delaware, Lackawanna and Western Railroad Company and Morris and Essex Railroad Company, *John A. Laird* and *Maximilian M. Stallman.*

For the City of Jersey City, *Charles A. Rooney (Joseph C. Glavin,* of counsel).

For the City of Hoboken, *Frank P. McCarthy.*

For the State of New Jersey, *Walter D. Van Riper,* Attorney-General, and *Benjamin C. Van Tine* and *Benjamin Taub,* Deputy Attorneys-General.

CONKLIN, COMMISSIONER. These complaints bring up for our consideration the assessments on property of the Delaware, Lackawanna and Western Railroad System, Delaware, Lackawanna and Western Railroad Company, and the Morris and Essex Railroad Company, hereinafter referred to as the railroad, as made by the Director of the Division of Taxation for the year 1945 under *R. S.* 54:29A–1, *et seq.; N. J. S. A.* 54:29A–1, *et seq.* The railroad complains that the assessments of second class lands and the structures thereon are excessive and not at true value; that the main stem land has been assessed in excess of true value; that the Director in fixing his value used as basis the clearing, grubbing, and graduation as a norm or standard and in so doing departed from his statutory duty; that the overhead bridges conducting highway traffic were improperly assessed against the railroad; and that grade crossing eliminations were also improperly assessed.

The City of Jersey City by its complaint alleges that the valuations of the railroad property within the City of Jersey City are too low. The City of Hoboken did not file a complaint, but attempts to sustain the assessments as made by the Director of Taxation.

The Attorney-General contests the actions brought by both the City of Jersey City and the railroad, and seeks to sustain the Director in all his findings.

This Division, in the opinion filed February 11th, 1947, in the matter of *Pitney* v. *Walsh,* 25 *N. J. Mis. R.* 196; 51 *Atl. Rep.* (*2d*) 871, sustained the Director of Taxation in his findings of value in his assessment of the property of the Central Railroad.

The second class lands of the railroad appealing in this case are in the terminal area of Jersey City and Hoboken. They comprise an area bounded on the north by Observer Highway, on the east by Henderson Street, Jersey City and Hoboken, on the South by the Holland Tunnel, and on the west by the Hudson River. The dividing line of Hoboken and Jersey City runs diagonally through this assemblage of railroad yards in a general northwesterly and southeasterly direction, from near the intersection of Henderson Street and

Observer Highway to the extreme end of Pier No. 4. Included is the eastern terminus of a national railroad which enjoys direct service to New York City, both by ferry and by another railroad known as the Hudson and Manhattan, and which carries passenger traffic under the river directly to the city.

As to the proofs offered on the second class lands and structures, we find that the valuations of the Director of Taxation are proper and that no palpable error in his valuations has been disclosed by the testimony offered either by the railroad or by Jersey City. As in the Central Railroad case, *supra,* there was no testimony of the sale of any land in railroad use and the sales testified to were not comparable, either because of location, size, or other special circumstance, *State* v. *State Board of Tax Appeals,* 134 *N. J. L.* 34; 45 *Atl. Rep.* (*2d*) 599.

In valuing the main stem or first class lands, the Director found his values so as to include an increment of value by reason of clearing, grubbing, and graduation, which was clearly within his province, and the argument that the Director departed from his statutory duty in so doing is tenuous. In *State Board of Assessors* v. *Central Railroad,* 48 *N. J. L.* 146 (at *p.* 278); 4 *Atl. Rep.* 578, the Court of Errors and Appeals stated that the true value, for purposes of taxation, of railroad cuts and embankments and canal locks is not their cost but what they are worth in connection with the works of which they form a part. This theory was also followed by Chief Justice Beasley in his opinion delivered for the Supreme Court in the case of the *Central Railroad Co.* v. *State Board of Assessors,* 49 *N. J. L.* 1 (at *p.* 5); 7 *Atl. Rep.* 306 (at *p.* 308), wherein he stated:

"The problem is not what land for agricultural or building purposes is worth, but what a narrow strip of land with valuable easements next to it adapted to railroad use will bring on the market. That such strip of land, to be applied in such a manner, cannot be bought at the price that the adjacent lands sell for by the acre is at once obvious."

The method used by the Director, wherein he gives consideration to the physical conditions at the time of assessment, has had the approval of the New Jersey courts and the federal

courts. *Central Railroad* v. *Thayer Martin,* 114 *N. J. L.* 69; 175 *Atl. Rep.* 637; *Lehigh Valley Railroad Company of New Jersey* v. *Martin* (*3d Cir.*), 100 *Fed. Rep.* (*2d*) 139; *Central Railroad Company of New Jersey* v. *Martin* (*3d Cir.*), 115 *Id.* 968.

As to the overhead highway bridges, counsel for the railroad stated in his oral argument that this question had been dealt with by the Supreme Court (apparently referring to *State* v. *State Board, supra*) although he was not in agreement with the legal conclusions of the court. We shall follow its ruling as long as same remains law.

Likewise on the grade crossing eliminations the Supreme Court has spoken, and has ruled, by which ruling we are bound.

For these reasons we feel that the complaints of the Delaware, Lackawanna and Western Railroad Company and the City of Jersey City should be dismissed.

Judgments have been entered in accordance with the foregoing conclusions.